## PHILIP A. BELL v. DANIEL DREW and ISAAC NEWTON.

A common carrier is not responsible for silver ware contained in the trunk of a passenger as ordinary baggage.

Where it distinctly appears, from the testimony of the assignor of a cause of action, that the assignment is merely colorable and made under an arrangement between the parties, whereby the assignor will receive the exclusive benefit of the recovery sought, the action must be regarded as prosecuted for his immediate benefit.

And in such case, his testimony cannot be received, except under the restrictions imposed upon a party to the suit when offered as a witness.

THE complaint in this action was filed against the defendants as common carriers, claiming damages to the amount of $500, for the loss of a trunk and its contents. The defendants were the owners of the steamer "Hendrick Hudson," whereon one Jeannette T. Miller took passage from New York to Albany. The lost articles were taken on board as the ordinary baggage of the passenger, without extra charge, but

were proved, on the trial of the cause, to have consisted, in part, of silver ware, in household use, valued at about $100, in addition to wearing apparel. The Marine Court, in giving judgment for the plaintiff, included the valuation of the silver ware.

The suit was prosecuted by the plaintiff, as the assignee of the cause of action. The assignment was in the following form :

"For value received, I, Jeannette T. Miller, assign all my claim in the above mentioned articles, and all claims which I have against the owners of the steamboat 'Hendrick Hudson,' for the loss of trunk and articles, (which, with an estimated valuation attached to each article, were particularly enumerated,) to Philip A. Bell, of the city of New York. Dated New York, October 27, 1853.

"JEANNETTE T. MILLER.

"Signed and sealed in the presence of

"D. W. McDONALD."

The instrument was not actually sealed. Its execution and delivery were proved by the subscribing witness, who also testified that the assignor gave a receipt for $20 as the consideration.

The plaintiff's case was sustained principally by the assignor, who, upon cross examination, testified that she "got $20 from the plaintiff for the assignment;" that she returned the money to him as a loan, and took his word for the return; "I do not depend upon his honor for the return of any portion of his recovery;" "I assigned the claim because I had lost all hopes of getting it;" "I did not expect to get it any better for assigning it." She was advised by her counsel, in the plaintiff's presence, that if she assigned the claim she could be a witness. "It was in consequence of this advice that I assigned the claim;" "I thought it would be better to risk that sum;" "there is an understanding that if a recovery is had, I shall be benefited—that I might recover some of the property—the understanding was with Mr. Bell, the plaintiff —he said there might be a possibility of recovering some-

thing—that is all I can recollect;" "I have really forgotten what was said at or about the time of executing the assignment." At the close of the examination of this witness, the counsel for the defendants moved to strike out her testimony, upon the grounds—1, that the instrument of assignment was insufficient in itself; 2, that the witness was shown, in her cross examination, to be, in fact, the person for whose immediate benefit the action was instituted, and therefore incompetent. The motion was denied and an exception noted.

As already intimated, the court awarded judgment for the plaintiff. The defendants appealed.

Grounds of appeal other than those arising upon the above facts were urged by the appellants; but, as the case was determined upon these two points, it is unnecessary to extend the statement.

*Thomas Darlington*, for the defendants.

*Alanson Nash*, for the plaintiff.

By the Court. Ingraham, First J.—The defendants proposed to show by Heyn that he made an agreement with the person whose baggage was lost in regard to such baggage. This was excluded, and the defendants excepted. The evidence showed that Heyn, at that time, was not in the defendant's employ, and, therefore, had no authority to make any agreement on the subject.

Jeannette Miller was the owner of the trunk which was lost, and she assigned the property to the plaintiff, and was called as a witness to prove the contents. She stated that the trunk contained silver ware, and the court below allowed the plaintiff to recover therefor. The trunk was carried as baggage, without charge, from New York to Albany. Articles not necessary for travelling, and money beyond what was necessary for a traveller's expenses, have been held not to be recoverable from the carrier.

I see no difference between silver ware and silver money.

Such articles form no part of a traveller's baggage, and there is no more propriety in excluding the one than the other. The mere fact of coining and stamping the silver cannot alter the rule applicable to this kind of property, in connection with the liability of the carrier.

Nor am I satisfied with the ruling of the court below, in regard to the competency of Jeannette Miller to be a witness after her disclosures as to the assignment. A party having a claim against another may assign it for a consideration, to be paid for it, or may give it away. Either transfer would be sufficient to enable the assignee to bring an action therefor in his own name. But it must be a fair and *bona fide* transaction, in which the interest in the claim passes to the assignee for his benefit, and not for the use of the assignor. And where it appears that the assignment was merely colorable— made only for the purpose of enabling the assignor to be a witness to make out the case against the defendants—and with the clear intent that the money, if recovered, should be paid to the witness, it seems to me to come fully within the description of a person for whose immediate benefit the action is prosecuted.

The effect of this provision of the Code has not been in many cases to promote the administration of justice, and if it is to be extended to a case such as is above stated, the evil will be much increased.

This witness states that she received $20 from the assignee for the assignment; that she returned the money to him as a loan; that she took his word for the return of it; that she assigned the claim because she had lost all hopes of getting it; that she was advised she could be a witness if she assigned it, and, in consequence, she made the assignment; that she thought it best to risk that sum; that there was an understanding that if a recovery was had, she should be benefited; that she might recover some of the property; that the plaintiff said there was a possibility of recovering something.

No one can read this testimony and not be satisfied that the object of the assignment was to make the assignor a wit-

ness to recover money which was to be applied to her use and benefit.

The other grounds of appeal, stated in the notice, are unavailing.

The judgment should be reversed.